KNOX COUNTY DEMOCRATIC CENTRAL COMMITTEE *et al.*, Plaintiffs-Appellants, v. KNOX COUNTY BOARD *et al.*, Defendants-Appellees.

Third District    No. 3—91—0892

Opinion filed July 23, 1992.

Norman M. Winick, of Galesburg, *pro se*, for appellants.

Raymond Kimbell III, State's Attorney, of Galesburg, for appellees.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiffs, Norman M. Winick and the Knox County Democratic Central Committee, brought suit seeking declaratory and injunctive relief against the defendants, the Knox County Board (Board) and Richard D. Allen, for excluding the Henry Hill Correctional Center (Henry Hill) as a part of the population when it apportioned the county into five voting districts. The trial court dismissed the complaint. The plaintiffs appeal.

The record reveals that according to the 1990 Federal decennial census, Knox County has a population of 56,393. Of those residents, 1,248 are incarcerated in Henry Hill.

In 1991, the Board adopted a resolution which divided the county into five voting districts. Although the apportionment was based on population, the resolution did not include the inmate population of Henry Hill within its apportionment base.

On July 2, 1991, the plaintiffs brought suit against the Board seeking declaratory and injunctive relief. The plaintiffs alleged that it was improper for the Board to exclude Henry Hill from the apportionment base. The plaintiffs contended that the Board violated both the equal protection clause (U.S. Const., amend. XIV) and the Counties Code (Ill. Rev. Stat. 1991, ch. 34, par. 1—1001 *et seq.*).

The trial court held that the Board did not act improperly in excluding Henry Hill from the apportionment base. In dismissing the plaintiffs' complaint, the court found no discriminatory or gerrymandering motives on the part of the Board. The court further found that the Board was acting in furtherance of legitimate and sound governmental interests.

On appeal, the plaintiffs contend that the trial court erred in concluding that the Board did not need to include the population of Henry Hill when it apportioned the districts. In support of this con-

tention, the plaintiffs point out that section 2—3003(1)(a) of the Counties Code requires that each district be equal in population to each other district. (Ill. Rev. Stat. 1991, ch. 34, par. 2—3003(1)(a).) Additionally, section 2—3001(c) of the Counties Code defines population as, "the number of inhabitants as determined by the last preceding federal decennial census." (Ill. Rev. Stat. 1991, ch. 34, par. 2—3001(c).) Therefore, the plaintiffs argue, because the population of Henry Hill was included in the 1990 Federal decennial census, that population must also be included in the apportionment base for redistricting purposes. We disagree.

States are not required to include aliens, transients, temporary residents, or persons denied the vote for conviction of crime in the apportionment base by which their legislators are distributed and against which compliance with the equal protection clause is to be measured. (*Burns v. Richardson* (1966), 384 U.S. 73, 16 L. Ed. 2d 376, 86 S. Ct. 1286.) Accordingly, we agree with the trial court that the Board's actions were not violative of the equal protection clause.

We recognize that when read together, sections 2—3001(c) and 2—3003(1)(a) suggest that the Board is required to include the Henry Hill inmates within the apportionment base. However, to require that ineligible voters must always be included in the apportionment base merely because they were included in the census would violate the equal protection clause.

The problem with the plaintiffs' position would be more readily apparent if the inmate population were 15,000 rather than 1,248. Under such circumstances, if the plaintiffs' position were adopted, the few eligible voters residing in the same district as the inmates would have voting power equal to that of hundreds of eligible voters in the other districts.

Here, the Board recognized that the same type of vote enhancement and dilution would occur on a smaller scale unless they took steps to avoid it. Had the Board adopted the plaintiffs' position and automatically included an extra 1,248 ineligible voters in a single district, there would have been substantially fewer eligible voters in that district when compared to the other four districts. Thus, the eligible voters in that district would have possessed a disproportionate share of voting power. Accordingly, the Board excluded the nonvoting inmates when constructing the districts.

We conclude that the Board's action was intended to equalize the relative value of votes. Therefore, we hold that the Board's action was a violation of neither the equal protection clause nor State law. Rather, the Board merely properly exercised its discretion.

The judgment of the circuit court of Knox County is affirmed.

Affirmed.

STOUDER and HAASE, JJ., concur.